**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. ROBERT LOWINGER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ROCKET ONE CAPITAL, LLC, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-09243-JPC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DIGITAL WORLD ACQUISITION CORP.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 1

STANDARD OF REVIEW ............................................................................................................... 2

ARGUMENT ..................................................................................................................................... 2

    I.    The Complaint Fails To State a Claim Against DWAC Under Section 16(b) of the Exchange Act. ................................................................................. 3

        A.    Defendant DWAC, an Issuer, Is Not a Statutory Insider, and Thus Not a Proper Defendant Under Section 16 of the Exchange Act. ............... 3

        B.    The Complaint Further Fails To Plead the Required Elements for a Section 16(b) Claim Against DWAC. ........................................................ 4

        C.    DWAC Is Neither a Proper Nominal or Relief Defendant, Nor an Indispensable or Necessary Party. ............................................................ 5

    II.    The Complaint Constitutes an Improper Shotgun Pleading. ............................... 7

CONCLUSION .................................................................................................................................. 8

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................2

*Augenbaum v. Anson Inv. Master Fund LP*,
    No. 22 CIV. 249 (VM), 2023 WL 2711087 (S.D.N.Y. Mar. 30, 2023) ....................3

*Avalon Holdings Corp. v. Gentile*,
    2019 WL 4640206 (S.D.N.Y. Sept. 24, 2019)..........................................................4

*Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*,
    No. 01 Civ. 9649 (JFK), 2006 WL 3456521 (S.D.N.Y. Nov. 30, 2006)...............5, 6

*In re Bishop*,
    578 B.R. 158 (Bankr. W.D.N.Y. 2017) ....................................................................7

*Janvey v. Adams*,
    588 F.3d 831 (5th Cir. 2009) ....................................................................................5

*Margolies v. Rea Brothers Plc., et al.*,
    1983 WL 1333 (S.D.N.Y. June 30, 1983) ................................................................4

*Mercer v. Gupta*,
    712 F.3d 756 (2d Cir. 2013)......................................................................................3

*Prasad v. Wells Fargo Bank, N.A.*,
    No. C11-894-RSM, 2011 WL 4074300 (W.D. Wash. Sept. 13, 2011) .....................6

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007)......................................................................................2

*Roth v. Reyes*,
    567 F.3d 1077 (9th Cir. 2009) ..................................................................................6

*SEC v. Berkeley Healthcare Dynamics, LLC*,
    No. 20-16754, 2022 WL 42807 (9th Cir. Jan. 5, 2022).............................................5

*SEC v. Cherif*,
    933 F.2d 403 (7th Cir. 1991) ....................................................................................6

*SEC v. George*,
    426 F.3d 786 (6th Cir. 2005) ....................................................................................5

*SEC v. Yin*,
    No. 17-CV-972 (JPO), 2023 WL 2753094 (S.D.N.Y. Mar. 31, 2023) ........................................5

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
    792 F.3d 1313 (11th Cir. 2015) ..........................................................................................7, 8

*Wiltshire v. Williams*,
    No. 10 Civ. 6947, 2012 WL 899383 (S.D.N.Y. Mar. 16, 2012) ................................................8

**Statutes**

15 U.S.C. § 78p(b) ...............................................................................................................1, 3, 7

Securities Exchange Act of 1934
    § 16.......................................................................................................................1, 2, 3, 6
    § 16(b) ............................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P.
    8(a) ...................................................................................................................1, 2, 7, 8
    10(b) .................................................................................................................1, 2, 7, 8
    12(b)(6) ......................................................................................................................1, 8
    19 ...............................................................................................................................6, 7
    19(a)(1) ......................................................................................................................6, 7

## INTRODUCTION

Defendant Digital World Acquisition Corporation ("DWAC") respectfully moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state any claim against DWAC for which relief can be granted and DWAC is not a proper defendant or nominal defendant. The Complaint also constitutes an improper shotgun pleading in violation of Federal Rules of Civil Procedure 8(a) and 10(b).

## BACKGROUND

Plaintiff Robert Lowinger brings this action pursuant to Section 16 of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. § 78p(b)). The Complaint alleges that defendants Bruce Garelick, Michael Shvartsman, and Rocket One Capital, LLC engaged in short-swing trading in violation of Section 16(b) of the Exchange Act. Compl. ¶ 1, ECF No. 1. Plaintiff seeks disgorgement of Garelick's, Shvartsman's, and Rocket One Capital's short-swing trading profits. Compl. ¶¶ 36, 37, ECF No. 1.

The Complaint names DWAC as a defendant, but lacks any substantive allegations against DWAC. Compl. ¶ 3, ECF No. 1. Plaintiff also has stipulated that (1) the Complaint does not assert any cause of action against DWAC; (2) the Complaint does not seek any relief against DWAC; (3) the Complaint does not allege any wrongdoing by DWAC that is actionable under Section 16(b) of the Exchange Act; and (4) to the extent Plaintiff is entitled to recovery, Plaintiff will obtain that recovery from other defendants for the benefit of DWAC. Stip. ¶¶ 2–5, ECF No. 12. Plaintiff has conceded that DWAC is "neither a statutory insider nor alleged to have violated Section 16(b) of the Exchange Act." Plaintiff's January 22 Response Letter at 1, ECF No. 27 ("Plaintiff's Letter"). Nevertheless, the Complaint alleges that DWAC is a necessary party.

Compl. ¶ 3, ECF No. 1.  Plaintiff's only basis for this allegation is that "Plaintiff is bringing this action to obtain a recovery for [DWAC's] benefit."  *Id.*

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Legal conclusions, however, are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678.  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Roth v. Jennings*, 489 F.3d 499, 517 (2d Cir. 2007) (affirming dismissal of Section 16(b) claim) (internal citations omitted).

## ARGUMENT

The Complaint fails to state a claim against DWAC under Section 16(b) of the Exchange Act for three reasons: (1) DWAC is not a statutory insider, and thus not a proper defendant under Section 16 of the Exchange Act; (2) the Complaint further fails to allege the necessary elements to establish a Section 16(b) claim against DWAC; and (3) DWAC is neither a proper nominal or relief defendant, nor a required party.  The Complaint moreover constitutes an improper shotgun pleading in violation of Federal Rules of Civil Procedure 8(a) and 10(b).  The Court should dismiss the Complaint against DWAC with prejudice.

**I.     The Complaint Fails To State a Claim Against DWAC Under Section 16(b) of the Exchange Act.**

   **A.     Defendant DWAC, an Issuer, Is Not a Statutory Insider, and Thus Not a Proper Defendant Under Section 16 of the Exchange Act.**

Section 16(b) of the Exchange Act authorizes an issuer's shareholders to bring lawsuits in the name of the issuer to recover short-swing trading profits. 15 U.S.C. § 78p(b). To state a claim under Section 16(b), the complaint must allege that the defendant who engaged in the allegedly impermissible trades was a statutory insider. *Augenbaum v. Anson Investments Master Fund LP*, No. 22 CIV. 249 (VM), 2023 WL 2711087, at *4 (S.D.N.Y. Mar. 30, 2023) (reasoning that an individual must be "a statutory insider at both the time of the purchase and the time of sale"). Section 16 clearly identifies the so-called statutory insiders from whom plaintiffs can seek disgorgement under Section 16(b): (1) beneficial owners of more than 10% of an issuer's securities; (2) directors of the issuer; and (3) officers of the issuer. 15 U.S.C. § 78p(b); *see Mercer v. Gupta*, 712 F.3d 756, 759 (2d Cir. 2013).

Plaintiff himself concedes that DWAC is not a statutory insider. Plaintiff's Letter at 4, ECF No. 27. Even if Plaintiff had not so conceded, the Complaint fails to allege that DWAC is a statutory insider, and thus a proper Section 16(b) defendant.[1] *See Mercer*, 712 F.3d at 759; *Augenbaum*, 2023 WL 2711087, at *4. The Complaint does not allege that DWAC is a director, officer, or 10% or greater shareholder of DWAC. Indeed, any such allegation would be nonsensical because DWAC issued the securities that are the subject of this litigation. The Complaint also does not allege that DWAC received any profits from trading conducted by any

---

[1] The Complaint names DWAC as a *defendant*, not a nominal defendant. In the stipulation between Plaintiff and DWAC and in Plaintiff's Letter, Plaintiff agreed that DWAC was a nominal defendant. Even so, Plaintiff has not amended the Complaint to denominate DWAC as a nominal defendant, and DWAC continues to be listed as a defendant on the Court's docket. As described in this Motion, DWAC also is not a proper nominal defendant.

3

officers, directors, or 10% or greater shareholders. In short, the Court should dismiss the Complaint against DWAC with prejudice because Plaintiff concedes that DWAC is not a statutory insider, and the Complaint does not allege—and cannot allege—that DWAC is a statutory insider or that DWAC received any profits or benefitted from the trading in question.

### B. The Complaint Further Fails To Plead the Required Elements for a Section 16(b) Claim Against DWAC.

The elements of a Section 16(b) claim are (1) a purchase and (2) sale of securities (3) by an issuer's officer, director, or shareholder owning more than 10% of the issuer's securities (4) within a six-month period. *Avalon Holdings Corp. v. Gentile*, 2019 WL 4640206, at *6 (S.D.N.Y. Sept. 24, 2019). A plaintiff also must allege, at a minimum, "that [defendant] realized short-swing profits" in order to survive a motion to dismiss. *See Margolies v. Rea Brothers Plc., et al.*, 1983 WL 1333, at *5 (S.D.N.Y. June 30, 1983) (dismissing for failure to allege defendant realized profits from short-swing trade).

Even if DWAC somehow were considered a statutory insider (which it is not), the Complaint fails to allege the required elements to establish a Section 16(b) claim against DWAC. Plaintiff specifically stipulated that the Complaint does not allege that DWAC engaged in any wrongdoing under Section 16(b). Stip. ¶ 4, ECF No. 12. The Complaint does not allege that DWAC purchased or sold securities or that DWAC received any profits from trading conducted by statutory insiders. In fact, Plaintiff further stipulated that "the Complaint does not assert *any* cause of action against DWAC." Stip. ¶ 2, ECF No. 12 (emphasis added). The Court should dismiss the Complaint against DWAC with prejudice because the Complaint does not allege—and cannot allege—any of the elements required for a Section 16(b) claim against DWAC and Plaintiff concedes that he is not asserting any cause of action against DWAC.

4

### C. DWAC Is Neither a Proper Nominal or Relief Defendant, Nor an Indispensable or Necessary Party.

#### 1. DWAC Is Not a Proper Nominal or Relief Defendant.

"[A] relief defendant or a nominal defendant . . . holds the subject matter of the litigation in a subordinate or possessory capacity" and is "a trustee, agent, or depositary who has possession of the funds which are the subject of litigation." *SEC v. Yin*, No. 17-CV-972 (JPO), 2023 WL 2753094, at *3 (S.D.N.Y. Mar. 31, 2023) (internal quotation and citation omitted).[2] The "sole purpose" of a nominal defendant is for a plaintiff to achieve monetary relief. *Id*. at *4. Courts dismiss relief or nominal defendants from cases when the relief or nominal defendants are not necessary for granting the plaintiff's requested relief. *Id*. (granting the relief defendant's motion to dismiss "[b]ecause the SEC can [achieve monetary relief] without [the purported relief defendant's] continued presence in this case"); *see also Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 Civ. 9649 (JFK), 2006 WL 3456521, at *12 (S.D.N.Y. Nov. 30, 2006) (dismissing nominal defendant once the nominal defendant no longer had possession of the funds at issue).

DWAC is not a proper relief or nominal defendant because the Complaint does not allege that DWAC is in possession of any funds that are the subject of this litigation. Compl. ¶ 3, ECF No. 1. The Complaint also does not allege that DWAC received any profits from trading conducted by any officers, directors, or 10% or greater shareholders. In fact, Plaintiff stipulated that he does not seek any recovery from DWAC. Stip. ¶ 3, ECF No. 12. Plaintiff further stipulated that he will

---

[2] Courts equate nominal defendants with relief defendants and treat them the same. *See, e.g.*, *Janvey v. Adams*, 588 F.3d 831, 834 (5th Cir. 2009) ("A relief defendant, sometimes referred to as a 'nominal defendant,' . . . may be joined in the lawsuit to aid the recovery of relief."); *SEC v. George*, 426 F.3d 786, 798 (6th Cir. 2005) (same); *SEC v. Berkeley Healthcare Dynamics, LLC*, No. 20-16754, 2022 WL 42807, at *1 (9th Cir. Jan. 5, 2022) (affirming that "a relief or nominal defendant holds the subject matter of the litigation in a subordinate or possessory capacity") (internal quotation and citation omitted).

5

obtain any recovery to which he is entitled in this case from *other* defendants *for the benefit of DWAC*. Stip. ¶ 5, ECF No. 12. Furthermore, there is no statutory or other basis for DWAC to remain in the case. As the Ninth Circuit has recognized, Section 16 does not apply to nominal defendant issuers such as DWAC because they are not statutory insiders and do not possess the funds at issue. *See Roth v. Reyes*, 567 F.3d 1077, 1080 n.4 (9th Cir. 2009) (observing that "§ 16(b) does not apply" to the issuer, but declining to address whether the issuer should be dismissed because the issuer "did not move for dismissal."). Because DWAC did not receive any profits from the trading in question, does not hold the alleged trading profits, and has no ability to facilitate the Plaintiff's recovery, the Court should dismiss the Complaint against DWAC with prejudice. *See Banco Cent.*, 2006 WL 3456521, at *12.

### 2. DWAC Is Not a Required Party.

Federal Rule of Civil Procedure 19(a)(1) defines a "required party" as either a person without whom "the court cannot accord complete relief," or a person who "claims an interest relating to the subject of the action" such that his absence would impair that person's ability to protect his interest or leave an existing party subject to inconsistent obligations. Fed. R. Civ. P. 19(a)(1); *see also SEC v. Cherif*, 933 F.2d 403, 417 n.13 (7th Cir. 1991) (citing *Salem Trust Co. v. Mfrs. Fin. Co.*, 264 U.S. 182, 188–200 (1924) (contrasting indispensable parties with mere nominal parties)); *see also Prasad v. Wells Fargo Bank, N.A.*, No. C11-894-RSM, 2011 WL 4074300, at *2 (W.D. Wash. Sept. 13, 2011) ("A nominal defendant's relation to an action is merely incidental[.]") (citing *Bacon v. Rives*, 106 U.S. 99, 104 (1882) ("They were neither necessary nor indispensable parties to the issue between the complainants and the principal defendant.")).

DWAC is not a required party to this case as defined by Federal Rule of Civil Procedure 19 because the court can "accord complete relief" without DWAC being in the case. Plaintiff has

stipulated that the Complaint does not seek relief against DWAC. Stip. ¶ 3, ECF No. 12. Plaintiff also has stipulated that the Complaint does not assert any cause of action against DWAC and does not allege any wrongdoing by DWAC. Stip. ¶¶ 2, 4, ECF No. 12. Moreover, Plaintiff has stipulated that any recovery will be obtained from other defendants for the benefit of DWAC. Stip. ¶ 5, ECF No. 12. The Complaint does not allege that DWAC received any profits or benefitted from the trading in question. Moreover, DWAC does not claim an interest in the subject matter of the litigation. Even though any recovery Plaintiff obtains will be for DWAC's benefit, Plaintiff has full statutory authority to pursue this action independently of DWAC, and DWAC's absence will not impair Plaintiff's ability to pursue its claim vigorously or pose a risk of multiple or inconsistent obligations. *See* 15 U.S.C. § 78p(b). In sum, DWAC is not a required party under Rule 19 of Federal Rules of Civil Procedure because the Court could award complete relief without DWAC, and DWAC's absence would not impair Plaintiff's ability to recover fully or leave an existing party open to risk of multiple or inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1). The Court should dismiss the Complaint against DWAC with prejudice.

## II.     The Complaint Constitutes an Improper Shotgun Pleading.

Plaintiff's complaint is an improper shotgun pleading because it asserts a claim for relief against multiple defendants without specifying which of the defendants is responsible for which acts, or against which defendant the claim is brought. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Courts in the Second Circuit have acknowledged that shotgun pleadings do not comply with Federal Rules of Civil Procedure 8(a) and 10(b). *In re Bishop*, 578 B.R. 158, 167–68 (Bankr. W.D.N.Y. 2017) ((citing *Weiland*, 792 F.3d at 1318–26 and stating that "[a] shotgun pleading […] does not comply with the standards of Rules 8(a) and 10(b)'") (internal quotation omitted)). Dismissal with prejudice is appropriate when granting leave

7

to amend would not cure the pleading defect. *Wiltshire v. Williams*, No. 10 Civ. 6947, 2012 WL 899383, at *12 (S.D.N.Y. Mar. 16, 2012).

Plaintiff's Complaint against DWAC purports to assert a claim for relief against "all defendants"—including DWAC—and seeks relief "against all defendants"—including DWAC—without specifying which defendants are responsible for the alleged misconduct or against which defendants Plaintiff prays for relief. In particular, the section of the Complaint entitled "claim for relief" purports to incorporate every preceding allegation in the Complaint and seeks relief "Against All Defendants." Compl. at 5, ECF No. 1. Similarly, Plaintiff's prayer for relief seeks "judgment against Defendants." Compl. at 6, ECF No. 1.

These allegations constitute an improper shotgun pleading. Plaintiff's "claim for relief" and "prayer for relief" assert claims against multiple defendants, including DWAC, without specifying whether DWAC is responsible for the alleged unlawful acts or whether Plaintiff is asserting a cause of action against DWAC. *See Weiland*, 792 F.3d at 1323. Despite these allegations, the Complaint contains no substantive factual allegations against DWAC. In view of the stipulations outlined *supra*, Plaintiff cannot cure the defects in his shotgun pleading. *See Wiltshire*, 2012 WL 899383, at *12. The Court should dismiss the Complaint against DWAC with prejudice as an improper shotgun pleading in violation of Federal Rules of Civil Procedure 8(a) and 10(b).

## **CONCLUSION**

For the foregoing reasons, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss DWAC from the Complaint ***with prejudice*** for failure to state a claim under Section 16(b).

Dated:  March 1, 2024                                      Respectfully submitted,

By: /*s/ Bradley J. Bondi*
Bradley J. Bondi
**PAUL HASTINGS LLP**
2050 M St. NW
Washington, DC 20036
T: (202) 551-1701
F: (202) 551-0202
bradbondi@paulhastings.com

*Counsel for Digital World Acquisition Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: /s/ *Bradley J. Bondi*
Bradley J. Bondi
