UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. ROBERT LOWINGER,<br><br>    Plaintiff,<br><br>    v.<br><br>ROCKET ONE CAPITAL, LLC, MICHAEL SHVARTSMAN, BRUCE GARELIK, and DIGITAL WORLD ACQUISITION CORP.,<br><br>    Defendants. | Civil Action No. 1:23-cv-09243-JPC |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DIGITAL WORLD ACQUISITION CORPORATION'S MOTION TO DISMISS

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

Jeffrey S. Abraham
Michael J. Klein
450 7th Avenue, 38th Floor
New York, New York 10123
Telephone: (212) 279-5050
Email: jabraham@aftlaw.com
       mklein@aftlaw.com

*Counsel for Plaintiff*
*Dr. Robert Lowinger*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

SUMMARY OF RELEVANT FACTS ........................................................................................... 1

ARGUMENT ................................................................................................................................... 2

    A.    DWAC IS AN INDISPENSABLE OR NECESSARY PARTY ........................... 2

    B.    THE COMPLAINT IS PROPERLY PLEAD ....................................................... 3

CONCLUSION ................................................................................................................................ 4

## TABLE OF AUTHORITIES

**Cases**

*Augenbaum v. Anson Investments Master Fund LP*,
    Docket No. 1:22-cv-00249, ECF No. 156 (S.D.N.Y. Feb. 26, 2024) .................................. 3

*Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*,
    2006 WL 3456521 (S.D.N.Y. Nov. 30, 2006) ........................................................................ 3

*Croons v. New York State Office of Mental Health*,
    18 F. Supp. 3d 193 (N.D.N.Y. 2014) ..................................................................................... 4

*Knop v. Mackall*,
    645 F.3d 381 (D.C. Cir. 2011) ................................................................................................ 2

*Morales v. Quintel Ent., Inc.*,
    72 F. Supp. 2d 344 (S.D.N.Y. 1999),
    *aff'd in part, vacated in part*, 249 F.3d 115 (2d Cir. 2001) ................................................. 3

*Price v. Gurney*,
    324 U.S. 100 (1945) ................................................................................................................ 2

*Ross v. Bernhard*,
    396 U.S. 531 (1970) ................................................................................................................ 2

*Schaffer ex rel. Lasersight, Inc. v. CC Invs., LDC*,
    286 F. Supp. 2d 279 (S.D.N.Y. 2003) .................................................................................... 2

*SEC v. Yin*,
    2023 WL 2753094 (S.D.N.Y. Mar. 31, 2023) ....................................................................... 3

*Sec. & Exch. Comm'n v. SeeThruEquity, LLC*,
    2019 WL 1998027 (S.D.N.Y. Apr. 26, 2019) ........................................................................ 4

**Statutes, Rules, and Regulations**

15 U.S.C. §78*l*(b) (Section 16(b)) ............................................................................................. 1, 2, 3

**Other Authorities**

Arnold S. Jacobs, *Section 16 of the Securities Exchange Act* § 3:43 (Feb. 2023 Update) ............. 2

Romeo & Dye, *Comprehensive Section 16 Outline* (Dec. 2004) ................................................... 2

Plaintiff Dr. Robert Lowinger ("Plaintiff"), by his undersigned attorneys, respectfully submits this memorandum of law in opposition to the motion to dismiss made by Defendant Digital World Acquisition Corporation ("DWAC" or the "Company").

## INTRODUCTION

It is difficult to understand why DWAC cares about being a party to a case in which it has no potential liability but can only recover funds through Plaintiff's efforts. It is also difficult to understand why this Court should deviate from decades of established procedural practice in Section 16(b) actions of naming the corporate issuer on whose behalf a recovery is being sought as a party to the action. DWAC's position, carried to its logical extreme, would allow plaintiffs to bring shareholder derivative actions without naming the corporation as a nominal defendant, a result which would run counter to Supreme Court authority as well as the universal practice in such shareholder derivative actions. Therefore, and as more fully set forth below, DWAC's motion should be denied.

## SUMMARY OF RELEVANT FACTS

DWAC is a special purpose acquisition company formed for the purpose of acquiring an operating company. ¶8.[1] The Company became publicly traded in a September 3, 2021 initial public offering (the "IPO"), after which its securities became registered with the SEC pursuant to Section 12(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78*l*(b), and traded on the NASDAQ. ¶¶3, 15, 22.

The Complaint details how Defendants Michael Shvartsman ("Shvartsman") and Rocket One Capital, LLC ("Rocket" and with Shvartsman the "Rocket Defendants"), placed Defendant Bruce Garelick ("Garelick" and, with the Rocket Defendants, "Defendants") on DWAC's Board

---

[1] Citations taking the form "¶__" are to Plaintiff's complaint (the "Complaint"), ECF No. 1. Capitalized terms undefined herein are defined in the Complaint.

of directors (the "Board") to protect Rocket's interests. ECF No. 32 (opposition to Defendants' motion to dismiss) at pp.2-3. The Complaint further details how Defendants made short-swing trading profits while they were statutory insiders pursuant to Section 16(b). ECF No. 32 (opposition to Defendants' motion to dismiss) at pp.3-8.

## ARGUMENT

**A.     DWAC IS AN INDISPENSABLE OR NECESSARY PARTY**

It is well-settled that in a "suit by a shareholder to enforce a corporate cause of action, [t]he corporation is a necessary party to the suit[ a]nd the relief which is granted is a judgment against a third person in favor of the corporation." *Price v. Gurney*, 324 U.S. 100, 105 (1945); *see also Ross v. Bernhard*, 396 U.S. 531, 538 (1970) (in a derivative action "[t]he corporation is a necessary party to the action; without it the case cannot proceed…. The proceeds of the action belong to the corporation and it is bound by the result of the suit."). As a result, "it is undisputed that the corporation in a shareholder derivative suit is indispensable under the joinder rules." *Knop v. Mackall*, 645 F.3d 381, 383 (D.C. Cir. 2011) (Kavanaugh, J.).

Section 16(b) actions, such as the case at Bar, are not shareholder derivative actions but nonetheless are similar in that the recovery is sought on behalf of a corporation which otherwise would have the right to sue in its own name. *See, e.g.*, *Schaffer ex rel. Lasersight, Inc. v. CC Invs., LDC*, 286 F. Supp. 2d 279, 282 (S.D.N.Y. 2003). As a result, it is hornbook law that "[t]he issuer is an indispensable party … [which] security holders name … as a nominal defendant in their complaints." Arnold S. Jacobs, *Section 16 of the Securities Exchange Act* § 3:43 (Feb. 2023 Update) (citations omitted); *see also* Romeo & Dye, *Comprehensive Section 16 Outline* 293 (Dec. 2004) ("Accordingly, making the issuer a nominal defendant in intended to assure that all necessary parties are before the court, and does not expose the issuer to potential liability."); *Morales v. Quintel Ent., Inc.*, 72 F. Supp. 2d 344, 345 (S.D.N.Y. 1999), *aff'd in part, vacated in*

2

*part*, 249 F.3d 115 (2d Cir. 2001) ("Quintel is a named defendant solely to bring all the necessary parties before the court.").

DWAC fails to demonstrate any reason for deviating from this well-reasoned and customary practice. It shows no actual prejudice by being nominally a defendant here. The Company also is not seeking to be realigned as a nominal defendant, as Judge Subramanian recently ordered in an analogous Section 16(b) action, and to which Plaintiff would consent. See *Augenbaum v. Anson Investments Master Fund LP*, Docket No. 1:22-cv-00249, ECF No. 156 (S.D.N.Y. Feb. 26, 2024).

*SEC v. Yin*, 2023 WL 2753094 (S.D.N.Y. Mar. 31, 2023), upon which DWAC relies almost exclusively, is not to the contrary. Instead, *Yin* recognized that it could order disgorgement against a non-violator of securities laws who has no legitimate claim to ill-gotten funds, and, in that context, the party is called a relief defendant or a nominal defendant. *Id.* at *3.[2] *Yin*, however, did not hold that was the exclusive nature of nominal or relief defendants in any civil action.

**B.    THE COMPLAINT IS PROPERLY PLEAD**

Defendants contend that the Complaint does not specify which defendant is responsible for which acts, or against which defendants the claim is brought. ECF No. 36 at 7. That is incorrect as the Complaint alleges that DWAC is named as "a necessary party because Plaintiff is bringing this action to obtain a recovery for its benefit" and that "[m]atching the sales price with the purchase price results in a profit which Garelick and Rocket are each individually required to disgorge to the Company." ¶¶3, 36.

---

[2]    *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, 2006 WL 3456521, at *12 (S.D.N.Y. Nov. 30, 2006),in which a nominal defendant was dismissed once it no longer had possession of the funds at issue, is not on point. Here, instead, DWAC is named as a party *not* because it possesses disputed funds but, instead, because it will receive the proceeds from Plaintiff's prosecution of the Section 16(b) claims.

DWAC's purported confusion is hard to understand because the Prayer for Relief, about which it expresses concern, in fact, "prays for judgment against Defendants *for the benefit of the Company*." Complaint at p.6 (emphasis added). Similarly, the single claim for relief does not suggest that DWAC is liable. Instead, the Complaint alleges that Garelick and Rocket made short-swing profits that they are "required to *disgorge to the Company*" and that Shvartsman has a pecuniary interest in the short-swing profits earned by Rocket and is also liable to disgorge short-swing profits. ¶¶32-37 (emphasis added).[3] Since the Complaint "readily makes clear 'which allegations of fact are intended to support which claim(s) for relief'" it is not a shotgun pleading. *See, e.g., Sec. & Exch. Comm'n v. SeeThruEquity, LLC*, 2019 WL 1998027, at *3 (S.D.N.Y. Apr. 26, 2019) (quoting *Croons v. New York State Office of Mental Health*, 18 F. Supp. 3d 193, 199 (N.D.N.Y. 2014)).

## CONCLUSION

Therefore, DWAC's motion to dismiss should be denied.

Dated: March 15, 2024

By: /s/ Jeffrey S. Abraham
Jeffrey S. Abraham
Michael J. Klein
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
450 7th Avenue, 38th Floor
New York, New York 10123
Telephone: (212) 279-5050
Email: jabraham@aftlaw.com
mklein@aftlaw.com

---

[3] "Defendants" is barely used, and undefined, in the complaint, appearing in: (1) the caption, (2) ¶7 (Venue); (3) the claim for relief, and (4) the prayer. In hindsight, "Defendants" could, have been defined as Garelick, Shvartsman, and Rocket, but the absence of that definition does not turn a clear seven-page complaint into a shotgun pleading, especially given the clarifications in the prayer and claim that Defendants are required to disgorge their short-swing profits to the Company, and that Rocket and Garelick made those short-swing profits. ¶¶16, 23-24, 28-29, 35-36. In short, Plaintiff pleads none of the elements of a cause of action against DWAC, and its confusion should be abated by this footnote.