UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-22429-CV-WILLIAMS

ROBERT LOWINGER,

    Plaintiff,

v.

ROCKET ONE CAPITAL, LLC, *et al.*,

    Defendants.

                                       /

## ORDER

**THIS MATTER** is before the Court on Defendants Rocket One Capital, LLC; Michael Shvartsman; and Bruce Garelick's (collectively, "**Defendants**") Joint Motion to Stay (DE 53) ("**Motion**"). Plaintiff Robert Lowinger ("**Lowinger**") filed a Response (DE 57),[1] and Defendants filed a Reply (DE 63). The Court has carefully reviewed the Motion, the briefing, the record, and the applicable law. For the reasons set forth below, the Motion is **GRANTED**.

    **I.**    **BACKGROUND**

This action was originally filed on October 20, 2023 in the United States District Court for the Southern District of New York alleging a claim pursuant to section 16(b) of the Securities Exchange Act of 1934 ("**Section 16(b)**"). (DE 1.) In June 2024, the action was transferred to this Court. (DE 40; DE 41.) Lowinger is a shareholder of Digital World

---

[1] Defendant Digital World Acquisition Corp. ("**DWAC**") also filed a partial opposition, requesting that the Court rule on its pending Motion to Dismiss before granting a stay. (DE 59.) The Court has ruled on the Motion to Dismiss and DWAC has been dismissed from this action. (DE 64.)

Acquisition Corp. ("**DWAC**"), which is a special purpose acquisition company ("**SPAC**"). (DE 1 at 1–2.) Lowinger alleges Defendants were privy to, shared, and traded on nonpublic information related to DWAC's merger with Trump Media and Technology Group. (*Id.* at 2–5.) Accordingly, Lowinger now sues under Section 16(b) for disgorgement of the short-swing profits earned by Defendants through insider trading. (*Id.* at 6.)

Simultaneously, two cases arising from the same or similar facts are currently pending in the United States District Court for the Southern District of New York: a criminal securities fraud action *United States v. Shvartsman*, No. 23-cr-307 (S.D.N.Y.) ("**DOJ Action**") and an action filed by the Securities Exchange Commission ("**SEC**") *SEC v. Garelick*, 23-cv-5567 (S.D.N.Y.) ("**SEC Action**"). Defendants now move to stay this action considering the parallel DOJ and SEC Actions. (DE 53.) In Response, Lowinger argues that the DOJ and SEC Actions are "effectively at an end." (DE 57 at 1.) Furthermore, he contends that his Section 16(b) claims are separate from the Section 10(b) claims in the DOJ and SEC actions. (*Id.* at 2.) In Reply, Defendants argue that they will suffer prejudice absent a stay while Lowinger has not demonstrated that he will suffer prejudice through the imposition of a stay. (DE 63 at 3.)

## II.     LEGAL STANDARD

"[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683 (1997). Courts have long recognized "[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of related proceeding in another forum[.]" *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (collecting cases).

However, "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000).

### III.   DISCUSSION

The Court begins its analysis by examining the procedural posture of the two related actions. The adjudication of criminal liability has concluded in the DOJ Action; Defendant Shvartsman pled guilty, and Defendant Garelick was found guilty by jury. *United States v. Shvartsman*, No. 23-cr-307 (S.D.N.Y.). However, Defendants' sentencing hearings have, as of the date of this Order, been rescheduled three times. *Id.* DE 178; DE 179; DE 192; DE 193; DE 198; DE 199. The SEC Action was stayed in its entirety in December 2023, pending resolution of the DOJ Action and has not resumed since the adjudication of guilt. *SEC v. Garelick*, 23-cv-5567 (S.D.N.Y.) DE 54. While the Court is concerned by the delays in the related cases, there is a significant likelihood that discovery in the SEC Action will overlap with that in this action. In fact, Lowinger's Complaint states that "Plaintiff's information and belief is based upon a review of [DWAC's] filings made with the SEC and a review of publicly available information including the allegations made in [the SEC Action and DOJ Action]." (DE 1 at 6.) With Lowinger's own understanding of the facts resting on information uncovered by the SEC and DOJ, a stay until the SEC action resumes would conserve resources and promote efficiency by streamlining investigations and discovery. Accordingly, the Court finds a stay in this matter is warranted.

## IV. CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Joint Motion to Stay (DE 53) is **GRANTED**.

2. This matter is **STAYED** until the SEC Action resumes or until March 10, 2025, whichever date is sooner. Within seven (7) days of the SEC Action resuming or by March 10, 2025, the Parties shall file a joint status report informing the Court of the status of the DOJ Action, the SEC Action, and submit mutually agreed upon times for a status conference before the Court.

**DONE AND ORDERED** in Chambers in Miami, Florida on this <u>3rd</u> day of October, 2024.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE