UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-22429-CV-WILLIAMS

ROBERT LOWINGER,

    Plaintiff,

v.

ROCKET ONE CAPITAL, LLC, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendant Digital World Acquisition Corporation's Motion to Dismiss (DE 35) ("***Motion***"). Plaintiff Robert Lowinger filed a Response (DE 37) and Digital World Acquisition Corporation filed a Reply (DE 38). The Court has carefully reviewed the Motion, the briefing, the record, and the applicable law. For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

**I.    BACKGROUND**

Plaintiff Robert Lowinger ("***Lowinger***") is a shareholder of Defendant Digital World Acquisition Corporation ("***DWAC***"), a special purpose acquisition company. (DE 1 at 1–2.) On September 3, 2021, DWAC commenced an initial public offering without disclosing the identity of the company it planned to acquire. (*Id.* at 3.) On October 20, 2021, it was announced that DWAC had merged with Trump Media and Technology Group. (*Id.* at 5.) In October 2023, Lowinger brought this action pursuant to section 16(b) of the Securities and Exchange Act of 1934 ("***Section 16(b)***") alleging that Defendants Rocket One

Capital, LLC; Michael Shvartsman; and Bruce Garelick (collectively, "**Other Defendants**") engaged in short-swing trading. (*Id.* at 1.) Lowinger alleges that, as a result of this short-swing trading, Other Defendants realized net profits of nearly $20 million. (*Id.* at 5.) Through this action, Lowinger seeks disgorgement of those funds. (*Id.* at 6.)

Following commencement of this action, Lowinger and DWAC filed a stipulation agreeing on the following: DWAC is a nominal defendant to a claim Lowinger asserts against Other Defendants; the Complaint does not assert any cause of action or seek any relief against DWAC; the Complaint does not allege that DWAC engaged in any wrongdoing that is actionable under Section 16(b); and DWAC is not required to answer or otherwise respond to any pleadings or motions in this action. (DE 12.) Nonetheless, in March 2024, DWAC filed the instant Motion seeking to be dismissed from this action. (DE 35.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading stating a claim for relief must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court takes well-pleaded, non-conclusory facts as true and construes the allegations in the light most favorable to the plaintiff to determine whether they state a plausible claim for relief considering the substantive law. *See Iqbal*, 556 U.S. at 680. Although this standard "does not require 'detailed factual allegations,'" a plaintiff bears the burden to "plead[] factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## III. DISCUSSION

DWAC raises three arguments in its Motion: (1) the Complaint fails to state a claim for relief against DWAC under Section 16(b) of the Exchange Act; (2) DWAC is not a proper nominal or relief defendant nor a required party; and (3) the Complaint is an impermissible shotgun pleading. In Response, Lowinger argues that DWAC is an indispensable or necessary party, and that the Complaint is properly pled. As it is undisputed that Lowinger does not attempt to state a claim for relief against DWAC under Section 16(b) of the Exchange Act, the Court need not address this argument. Instead, resolution of this Motion turns on whether DWAC is an indispensable party and whether pleading deficiencies warrant dismissal of the Complaint. The Court addresses each argument in turn.

### A. Shotgun Pleading

DWAC argues that the Complaint constitutes an impermissible shotgun pleading because it asserts a claim for relief against "all defendants" without specifying which defendant the claim is brought against, and which defendant is responsible for which acts. A complaint is an impermissible shotgun pleading if it "asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act." *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). Here, even setting aside the stipulation between Lowinger and DWAC, Lowinger explicitly states in the Complaint that DWAC is "a necessary party because Plaintiff is bringing this action to obtain a recovery for its benefit." (DE 1 at 1.) Furthermore, the Complaint makes clear that the claim for disgorgement is brought against Other Defendants by specifically

naming Garelick, Rocket One, and Shvartsman and outlining their specific alleged illegal actions. (*Id.* at 5–6.) Accordingly, the Court finds the Complaint has sufficiently specified which defendant is responsible for which actions. The Motion is denied as to this ground.

### B. Indispensable or Necessary Party

As both Parties recognize, "[Section] 16(b) suits and derivative actions differ in . . . fundamental ways." *Schaffer ex rel. Lasersight, Inc. v. CC Invs., LDC*, 286 F. Supp. 2d 279, 282 (S.D.N.Y. 2003). Of particular relevance here, Section 16(b) causes of action are "a statutory enabling right directly empowering the shareholder to sue; it is not a derivative or secondary right grounded on rights and interests possessed primarily by the corporation and emanating from common law." *Id.* In other words, a cause of action under Section 16(b) is one that belongs primarily to Lowinger. Nonetheless, Lowinger argues that DWAC is indispensable to this action.

Lowinger cites Arnold S. Jacobs' *Section 16 of the Securities Exchange Act* treatise for the proposition that "[t]he issuer is an indispensable party in a Section 16(b) suit brought by a security holder." Indispensable parties, 1 Section 16 of the Securities Exchange Act § 3:43. However, the cases Jacobs references for this proposition are not as definitive as his summary. In *Lewis v. Nadaline*, while listing the parties to the action, the court referred to the issuer as "an indispensable party joined here as a defendant" without any further explanation of why the issuer was an indispensable party. No. 69 CIV. 3731, 1974 WL 408, at *1 (S.D.N.Y. June 4, 1974). Similarly, in *Morales v. Colt Industries, Inc.*, the issuer is listed as a defendant, although there is no discussion of why it should be considered an indispensable party. No. 71 CIV. 2797, 1972 WL 338 (S.D.N.Y. July 14, 1972). Conversely, in a different case in the same district, the court wondered whether naming the issuer as a nominal defendant was "required because [whether] the

corporation may be considered an indispensable party is unclear." *Silverman v. Re*, 194 F. Supp. 540, 541 (S.D.N.Y. 1961). The most analysis provided in any of the cases cited by Jacobs—and therefore Lowinger—comes in *Roth v. Reyes*, where the Ninth Circuit noted the following:

> Although Brocade is listed in the complaint as a "nominal defendant," we note that § 16(b) does not apply to Brocade. Brocade is not an officer, director, or 10% beneficial owner that realized short-swing profits from a transaction in Brocade equity securities. Moreover, any profits recoverable from a defendant under § 16(b) would inure to Brocade. Because Brocade did not move for dismissal from the action, however, we need not address whether Brocade is a proper defendant. For purposes of this opinion, all references to "defendants" are to the four individual officers named in Roth's complaint.

567 F.3d 1077, 1081 (9th Cir. 2009).

In sum, two published cases indicate a hesitancy to name issuers as indispensable parties, while two unpublished cases refer to issuers as nominal or indispensable parties without analysis. None of the cases cited by Lowinger contain facts like those before the Court: a nominal defendant seeking to be dismissed from the action. Lowinger's rights are derived directly from Section 16(b), which "was designed to protect the 'outside' stockholders against at least short-swing speculation by insiders with advance information." *Smolowe v. Delendo Corp.*, 136 F.2d 231, 235 (2d Cir. 1943). In designing the law, Congress created a statutory right permitting the "the owner of any security of the issuer [to bring suit] in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter. . . ." 15 U.S.C. § 78p. Here, DWAC does not seek to stop Lowinger from bringing this action—it simply does not want to be a named party. This does not contravene the statutory scheme, which expressly permits a shareholder to bring an

action if the issuer fails or refuses to. Accordingly, the Court finds that DWAC is not an indispensable party.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Digital World Acquisition Corporation's Motion to Dismiss (DE 35) is **GRANTED IN PART AND DENIED IN PART**.
2. Digital World Acquisition Corporation is **DISMISSED** from this action as a Defendant.
3. This case remains open as to the remaining defendants.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 3rd day of October, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE