UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-22429-WILLIAMS/LETT

ROBERT LOWINGER,

Plaintiff,

vs.

ROCKET ONE CAPITAL, LLC, et al.,

Defendants.

# JOINT PRETRIAL STIPULATION

Plaintiff Robert Lowinger ("Plaintiff" or "Lowinger") and Defendants Rocket One Capital, LLC ("Rocket") and Michael Shvartsman ("Shvartsman", with Rocket, "Defendants" and with Rocket and Plaintiff, the "Parties"), pursuant to Local Rule 16.1(e), Federal Rule of Civil Procedure 16, and this Court's August 4, 2023 scheduling order [ECF No. 74], submit this Joint Pretrial Stipulation:

## I. Statement of the Case

**Plaintiff's Statement and Allegations:**

Bruce Garelick ("Garelick"), the Chief Investment Officer of Rocket was a member of the board of directors (the "Board") of Digital World Acquisition Corporation's, now known as Trump Media & Technology Group Corp. ("DWAC" or "Trump Media" or the "Company"). Garelick acted as Rocket's representative on the Board while Rocket purchased and sold Company warrants within a six-month period, earning short swing profits of $18,438,182.11. Shvartsman who was

Rocket's single member owned 100% of Rocket's equity causing him to have a pecuniary interest in those short-swing trading profits earned by Rocket. Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78p(b) requires Rocket or Shvartsman to disgorge those trading profits to the Company. Plaintiff has standing to pursue the Section 16(b) claims because he was at the time this action was first brought and continues to be a shareholder of the Company.

**Defendants' Responses and Defenses:**

Plaintiff, Robert Lowinger, lacks standing in this instance, and this case should accordingly be dismissed as the Court lacks jurisdiction. Beyond that, while Rocket's purchase and sale trades of DWAC Warrants are not themselves in dispute, Rocket was not a statutory "insider" and §16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78p(b) is accordingly inapplicable. In that regard, and without limitation, Rocket did not deputize Bruce Garelick as a Director. Such defeats Plaintiff's claims of liability against both Rocket and Michael Shvartsman. Moreover, as to Shvartsman, he was not the owner of Rocket and Plaintiff has not demonstrated that he has the pecuniary interest necessary and/or received the pecuniary benefit necessary to be held individually liable under §16(b) for the trades at issue, in that he did not himself realize profits from the trades in question. Liability only attaches individually if Shvartsman received profits from the trades in question, and then only to the extent of the profits realized.

## II. Basis for Federal Jurisdiction

Plaintiff contends that this Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under the laws of the United States. Defendants do not dispute that 28 U.S.C. § 1331 can vest the Court with federal question jurisdiction or that the statute at issue in this case is a federal statute; however, Defendants do dispute that Plaintiff

has standing to bring this claim, and accordingly dispute that this Court has jurisdiction in this particular case.

## III. The Pleadings Raising the Issues

The operative pleadings are the Complaint [ECF No. 1] and the Answers and Affirmative Defenses of Defendants Rocket [ECF No. 70] and Shvartsman [ECF No. 71].

## IV. List of Pending Motions

1. Plaintiff's Motion for Summary Judgment [ECF No. 88]. Motion in Limine filed by Plaintiff [ECF No. 99]; Motion in Limine filed by Defendant [ECF No. 100]; Defendants' Motion for continuance [ECF No. 101].

## V. Statement of Uncontested Facts

1. Digital World Acquisition Corp. ("DWAC" or the "Company") was a special purpose acquisition company ("SPAC") formed by Arc Global Investments II LLC (the "Sponsor") that was formed for the purpose of acquiring an operating company.

2. On September 3, 2021, Company Units began trading following an initial public offering (the "IPO"), with 28,750,000 Units, at $10.00 per Unit, each consisting of one share of common stock and one-half of one warrant to purchase a share of common stock for $11.50 per share.

3. On or about September 30, 2021, Company warrants started trading separately on the NASDAQ.

4. On October 1, 2021, which was a Friday, Rocket purchased 227,915 Warrants for $108,509.13, an average of $0.471 per Warrant.

5. On October 4, 2021, Rocket purchased 1,641,731 Warrants for $807,528.00, an average of $0.492 per Warrant.

6. On October 5, 2021, Rocket purchased 130,354 Warrants for $62,215.30, an average of $0.477 per Warrant.

7. On October 21, 2021, Rocket sold 1,800,000 Warrants for $12,310,398, or an average price of $6.84 per Warrant.

8. On October 22, 2021, Rocket sold its remaining 207,250 Warrants for $5,996,759 or an average price of $28.93 per Warrant.

## VI. Issues to Be Litigated at Trial

1. Whether Rocket was a statutory insider of the Company for purposes of Section 16(b).
2. Whether Rocket deputized Bruce Garelick.
3. With respect to Mr. Shvartsman:
   a. Plaintiff believes the issue to be litigated is whether Shvartsman had a pecuniary interest in Rocket and, if so, the extent of that pecuniary interest.
   b. Defendants believes the issue to be litigated is whether Shvartsman had a pecuniary interest in *the profits earned by Rocket* and, if so, the extent of that pecuniary interest.
4. Whether Shvartsman was a statutory insider of the Company for purposes of Section 16(b) based on his pecuniary interest in Rocket.
5. The amount of Rocket's short-swing profits in the Company's securities, if any.
6. The amount of disgorgement required by Rocket, if any.
7. The amount of disgorgement required by Shvartsman, if any.

## VII. Agreed Issues of Law

None.

## VIII. Legal Issues to Be Resolved by the Court

1. Does Plaintiff have standing to bring this claim and does the Court have jurisdiction accordingly.

## IX. Trial Exhibits

The Plaintiff's Exhibit List, with Defendants' objections thereto, is attached hereto as Exhibit A. Defendants' Exhibit List, with Plaintiff's objections thereto, is attached hereto as Exhibit B.

## X. Witness List

Plaintiff's Witness List is attached hereto as Exhibit C.

Defendants' Witness List is attached hereto as Exhibit D.

## XI. Estimated Trial Time

Plaintiff believes the trial should be completed within 1-2 days. Defendants believe the trial should be completed within 2-3 days.

Respectfully submitted this 13th day of March, 2026,


| | |
|---|---|
| */S/ ROBERT J. ROBBINS*<br>**ROBBINS GELLER RUDMAN & DOWD LLP**<br>ROBERT J. ROBBINS<br>Florida Bar No. 0572233<br>STEPHEN R. ASTLEY<br>Florida Bar No. 139254<br>225 NE Mizner Boulevard, Suite 720<br>Boca Raton, FL 33432<br>Telephone: 561/750-3000<br>rrobbins@rgrdlaw.com<br>sastley@rgrdlaw.com<br>*Local Counsel for Plaintiff* | */S/ NEIL D. KODSI*<br>**FELDMAN KODSI**<br>ANDREW M. FELDMAN<br>Florida Bar No. 161969<br>NEIL D. KODSI<br>Florida Bar No. 011255<br>8325 NE 2nd Ave., Suite 204<br><br>Miami, FL 33138<br>Telephone: 305-445-2005<br>AFeldman@FeldmanKodsi.com<br>NKodsi@FeldmanKodsi.com<br>*Counsel for Defendants, Michael Shvartsman and Rocket One Capital, LLC* |
| **ABRAHAM, FRUCHTER & TWERSKY, LLP**<br>JEFFREY S. ABRAHAM (*admitted pro hac vice*)<br>MICHAEL J. KLEIN (*admitted pro hac vice*)<br>450 Seventh Avenue, 38th Floor<br>New York, NY 10123<br>Telephone: 212/279-5050<br>jfruchter@aftlaw.com<br>mklein@aftlaw.com<br>*Counsel for Plaintiff* | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 13, 2026, I electronically filed the foregoing document and the exhibits thereto with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ NEIL D. KODSI*
Andrew M. Feldman, Esquire
Florida Bar No.: 161969
Neil D. Kodsi, Esq.
Florida Bar No.: 0011255
**FELDMAN KODSI**
8325 NE 2nd Ave., Suite 204
Miami, FL 33138
Telephone: (305) 445-2005
NKodsi@FeldmanKodsi.com

*Counsel for Defendants, Michael Shvartsman and Rocket One Capital, LLC*